UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BENANTI,<br><br>           Plaintiff,<br><br>   v.<br><br>J. DOERER,<br><br>           Defendant. | Case No. 1:24-cv-01108-CDB (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>**21-DAY DEADLINE** |

Plaintiff Michael Benanti is a federal prisoner proceeding *pro se* in this civil rights action.

**BACKGROUND**

Plaintiff filed his complaint with this Court on November 19, 2024. (Doc. 10). A brief review of the complaint reveals the incident giving rise to Plaintiff's claims occurred on August 9, 2024. *Id.* at 4.

**DISCUSSION**

In his Complaint, Plaintiff indicates that there are not any administrative remedies (grievance procedures or administrative appeals) available where he is incarcerated. *Id.* Plaintiff indicates that he "was denied access to administrative remedies and cut off from the world for over 60 days." *Id.* Specifically, Plaintiff provides that the "Unit Team . . . were responsible to make Administrative Remedy Forms (to include Federal Tort Claim Act forms) available to the Plaintiff[, and that he] had no way to approach the Unit Team members to request administrative

1  remedy forms." *Id.* Plaintiff states he requested informal resolution of issues and administrative
2  remedy forms but the unit team members in question "did not provide any access to [the forms]
3  during this time period"—when "USP Atwater was locked down from on or about [August 9,
4  2024 to October 9, 2024]." *Id.* Though Plaintiff indicates that "[t]he complete [and] utter denial
5  of access [to] any form of recourse for 2 months makes this complaint ripe for court
6  intervention[,]" Plaintiff does not state whether he has exhausted his remedies between the
7  relevant dates of the lockdown incident to November 19, 2024, the date he signed his complaint.

8        The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with
9  respect to prison conditions under . . . any other Federal law . . . by a prisoner confined in any jail,
10  prison, or other correctional facility until such administrative remedies as are available are
11  exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and
12  "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation
13  omitted). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v.*
14  *Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the
15  administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

16        Inmates are required to "complete the administrative review process in accordance with
17  the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal
18  court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). In California, state-inmate grievances are
19  subject to two levels of review. *See* Cal. Code Regs. tit. 15, §§ 3481(a), 3999.226(a)(1). Prisoners
20  must generally receive a disposition from the second level of review before administrative
21  remedies are deemed exhausted. *See id.* §§ 3483(m)(1), 3486(m), 3999.226(h); *but see id.* §
22  3483(m)(2).

23        In general, failure to exhaust is an affirmative defense that the defendant must plead and
24  prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is
25  clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

26        Here, it appears clear on the face of his complaint that Plaintiff has failed to exhaust
27  administrative remedies prior to filing suit.  Plaintiff appears to suggest he should be relieved of
28  the requirement to exhaust administrative remedies because, during the 60-day lockdown, he was

2

1  unable to access grievance forms.   However, Plaintiff advances no allegations to suggest this was
2  anything other than a temporary unavailability.  Thus, Plaintiff does not demonstrate whether any
3  efforts by him to exhaust administrative remedies *after* the lockdown ended where thwarted.
4  Thus, he has not complied with the requirement to exhaust administrative remedies.  *See, e.g.,*
5  *Talley v. Clark*, 111 F.4th 255, 264 (3d Cir. 2024) ("It is true that administrative remedies were
6  temporarily 'unavailable' while Talley was on suicide watch without access to writing materials,
7  but that does not excuse his failure to request an extension once he was released and able to
8  complete the necessary forms."); *Smith v. Hendrick*, No. 1:21-cv-1704, 2024 WL 4244831, at *7
9  (M.D. Pa. Sept. 29, 2024) ("Smith was purportedly denied access to grievance forms during the
10 approximately three-month period that he was housed in the RHU, but he did not request an
11 extension of time to file a grievance once he was removed from the RHU. Smith's failure to
12 request an extension of time once the impediment to filing a grievance was removed constitutes a
13 failure to exhaust administrative remedies.") (citing *Talley*, 111 F.4th at 264); *Roman v. Knowles*,
14 No. 07cv1343-JLS (POR), 2011 WL 3741012, at *7 (S.D. Cal. June 20, 2011) ("Plaintiff does not
15 plead facts sufficient to establish an intentional and systematic obstruction to administrative
16 remedies that, on its own, would render those remedies unavailable, and excuse his inability to
17 exhaust them. Plaintiff's pleadings themselves contain facts sufficient to establish that these
18 remedies were only temporarily unavailable and thus exhaustion should not be excused."); *Dean*
19 *v. Prison Health Servs.*, No. 10-14135, 2011 WL 1630114, at *8 (E.D. Mich. Mar. 28, 2011)
20 ("The mere fact that forms were temporarily unavailable to Plaintiff is insufficient to establish
21 exhaustion") (citing cases)

*Remainder of This Page Intentionally Left Blank*

1 **CONCLUSION AND ORDER**

2   Accordingly, the Court ORDERS Plaintiff, **within 21 days** of the date of service of this
3 order, to show cause in writing why this action should not be dismissed for his failure to exhaust
4 administrative remedies.

5   **Failure to comply with this order will result in a recommendation that this action be**
6 **dismissed.**

7 IT IS SO ORDERED.

8   Dated: **November 21, 2024**                              _____
9                                                              UNITED STATES MAGISTRATE JUDGE