**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL BENANTI,<br><br>    Plaintiff,<br><br>    v.<br><br>J. DOERER, et al.,<br><br>    Defendants. | Case No. 1:24-cv-01108 JLT CDB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE<br><br>(Doc. 19) |

Michael Benanti is a federal prisoner and seeks to hold the defendants liable for violations of his civil rights, based upon the conditions of lockdown that occurred at USP- Atwater from August 9 to October 9, 2024. (*See generally* Doc. 10.) The Court ordered Plaintiff to show cause why the matter should not be dismissed for failure to exhaust administrative remedies. (Doc. 13.) After Plaintiff did not respond, the magistrate judge recommended the matter be dismissed. (Doc. 15.) After a *de novo* review, the Court dismissed the action without prejudice for failure to exhaust administrative remedies and entered judgment on January 13, 2025. (Docs. 16, 17.)

On January 21, 2025,[1] Plaintiff filed a request for judicial notice, requesting the Court "take judicial notice of the intentional delay in [the] USP Atwater Mail Room in delivering mail." (Doc. 9 at 1.) However, such a fact is not subject to judicial notice. *See* Fed. R. Evid. 201(b) (indicating judicial notice may be taken of facts that are either (1) generally known within the

---

[1] The Court received the filing on this date. Plaintiff indicates he signed it on January 12, 2025 (Doc. 19 at 1), but it is unclear what date he Plaintiff delivered the document to the prison for mailing.

1 territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by
2 resort to sources whose accuracy cannot reasonably be questioned."). Even still, Plaintiff also
3 asserts that he did not receive the order to show cause until January 10, 2025. (Doc. 19 at 1.) To
4 the extent Plaintiff's request for judicial notice may construed as a motion for reconsideration
5 based upon this assertion, the motion likewise fails.

6 Reconsideration of an order is an extraordinary remedy "to be used sparingly in the
7 interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*,
8 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted). Generally, a motion for reconsideration of a
9 final judgment is appropriately brought under Rule 59(e) of the Federal Rules of Civil Procedure.
10 *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985. The motion must be filed no later
11 than 28 days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). Reconsideration is appropriate
12 "if (1) the district court is presented with newly discovered evidence, (2) the district court
13 committed clear error or made an initial decision that was manifestly unjust, or (3) there is an
14 intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th
15 Cir. 2001) (citation omitted). Although Plaintiff reports a delay receiving the order to show cause,
16 Plaintiff does not address issues raised in the order or dispute the determination that he failed to
17 exhaust his administrative remedies. There is no showing the Court committed clear error, and
18 there was no change in controlling law.  Thus, the Court **ORDERS**:

19     1. Plaintiff's request for judicial notice (Doc. 19) is **DENIED**.
20     2. To the extent Plaintiff's request may be construed as a motion for reconsideration
21        under Rule 59, the motion is **DENIED** without prejudice to his refiling it and
22        discussing the proper issues.
23     3. **The action remains closed** and the motion for injunctive relief (Doc. 18) **SHALL** be
24        terminated.

25
26 IT IS SO ORDERED.
27     Dated: __**January 31, 2025**__                                                 
                                                                            UNITED STATES DISTRICT JUDGE
28