**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL BENANTI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. DOERER, et al.,<br><br>　　　　Defendants. | Case No. 1:24-cv-01108 JLT CDB (PC)<br><br>ORDER GRANTING CONSTRUED RULE 60 MOTION; VACATING JUDGMENT AND ORDER ADOPTING FINDINGS AND RECOMMENDATIONS; REMANDING TO ASSIGNED MAGISTRATE JUDGE<br><br>(Docs. 16, 17, 21, 22) |

Michael Benanti is a federal prisoner who seeks to hold the defendants liable for violations of his civil rights based upon the conditions of lockdown that occurred at USP-Atwater from August 9 to October 9, 2024. (*See generally* Doc. 10.) On November 21, 2024, the Court ordered Plaintiff to show cause why the matter should not be dismissed for failure to exhaust administrative remedies. (Doc. 13.) After Plaintiff did not respond, the magistrate judge recommended dismissal without prejudice. (Doc. 15.) After a *de novo* review, the Court dismissed the action without prejudice for failure to exhaust administrative remedies and entered judgment on January 13, 2025. (Docs. 16, 17.)

In a document dated January 24, 2025 and docketed February 6, 2025, Plaintiff filed a request for reconsideration of the order adopting the findings and recommendations (Doc. 21) and a request for an extension of time (Doc. 22), both of which indicate that he did not timely receive the Court's orders or related fillings. He attaches a letter from an employee at USP-Atwater

1

1  confirming that mailroom delays prevented the delivery of at least one Court communication until

2  January 10, 2025.[1] (*Id*. at 2.) Plaintiff claims that in response to the documents he received on

3  January 10, 2025, he sent the Court a request for an extension of time and a response to the order

4  to show cause on January 24, 2025. (Doc. 21.) He also attached copies of those documents. (Doc.

5  22 at 3–9.)[2] The Court construes these filings as a request to vacate dismissal pursuant to Federal

6  Rule of Civil Procedure Rule 60(b)(6) and to late-file a response to the order to show cause.

7       Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may

8  relieve a party. . .from a final judgment, order, or proceeding for the following reasons: (1)

9  mistake, inadvertence, surprise, or excusable neglect; . . .or (6) any other reason justifying relief

10 from the operation of judgment." Relief under Rule 60 "is to be used sparingly as an equitable

11 remedy to prevent manifest injustice and is to be utilized only where extraordinary

12 circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal

13 quotations marks and citation omitted). The moving party "must demonstrate both injury and

14 circumstances beyond his control. . . ." *Id*. (internal quotation marks and citation omitted).

15 Further, Local Rule 230(j) requires, in relevant part, that plaintiff show "what new or different

16 facts or circumstances are claimed to exist which did not exist or were not shown" previously,

17 "what other grounds exist for the motion," and "why the facts or circumstances were not shown"

18 at the time the substance of the order which is objected to was considered. "A motion for

19 reconsideration should not be granted, absent highly unusual circumstances, unless the district

20 court is presented with newly discovered evidence, committed clear error, or if there is an

21 intervening change in the controlling law," and it "may *not* be used to raise arguments or present

22 evidence for the first time when they could reasonably have been raised earlier in the litigation."

23 *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)

---

[1] The letter authored by Supervisory Correctional Systems Specialist D. Datray and dated January 31, 2025, does not specify which filing was delayed. Instead, it explains only that a different "letter" was not delivered until "January 10, 2024." The Court presumes the author meant January 10, **2025**, and that the delays impacted the delivery of the November 21, 2024 order to show cause (Doc. 13) and/or the December 20, 2024 findings and recommendations. (Doc. 15.) The Court also notes that the filings submitted by Plaintiff along with the January 31, 2025 letter from Specialist Datray are dated **before** January 31, suggesting that Plaintiff may be back-dating his Court filings. Plaintiff is reminded that he has sworn to the truth of his filings under the penalty of perjury. This includes the date that he attaches to those filings.

[2] What appear to be substantially identical copies of his request for an extension of time and response to the order to show cause were received and docketed by the court on February 11, 2025. (Docs. 24, 25.)

(internal quotations marks and citations omitted) (emphasis in original). However, "[Rule 60(b) ] is remedial in nature and thus must be liberally applied." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1169 (9th Cir. 2002) (en banc).

Based on plaintiff's representation that he did not receive any of the Court's relevant orders and out of an abundance of caution and in the interest of justice, the Court will vacate the judgment and order adopting the findings and recommendations and will permit consideration of the late filed response to the order to show cause. *See Rodriguez v. Agostini*, No. 1:18-CV-01565 DAD JLT, 2019 WL 4896643, at *1–2 (E.D. Cal. Oct. 4, 2019); *Luna v. Vasquez*, No. CV F 05-1228 LJO DLB HC, 2008 WL 345868, at *1 (E.D. Cal. Feb. 6, 2008) (vacating judgment, because petitioner informed the court that he never received a copy of the findings and recommendations, and permitting petitioner an opportunity to object); *Kentz v. Ellis*, No. CV F 06-0166 AWI SMS HC, 2008 WL 2421632, at *1 (E.D. Cal. June 13, 2008) (same); *Nguyen v. Giurbino*, No. 05CV2287 WQH (WMC), 2007 WL 3407364, at *2 (S.D. Cal. Nov. 14, 2007) (granting Rule 60(b) motion, because petitioner contended that he never received a copy of the report and recommendation and therefore had no opportunity to file objections, and permitting petitioner an opportunity to object). Accordingly, the Court **ORDERS**:

1. The construed motion for reconsideration pursuant to Fed. R. Civ. P. 60(b) is **GRANTED**.
2. The order adopting (Doc 16) and judgment (Doc 17) entered January 13, 2025, are **VACATED**.
4. The matter is remanded to the assigned magistrate judge for reconsideration of the response to the order to show cause.

IT IS SO ORDERED.

Dated:   **April 9, 2025**

UNITED STATES DISTRICT JUDGE