UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BENANTI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. DOERER,<br><br>　　　　Defendant. | Case No.  1:24-cv-01108-CDB (PC)<br><br>ORDER DISCHARGING NOVEMBER 21, 2024, ORDER TO SHOW CAUSE<br><br>(Docs. 13, 21, 22) |

**Relevant Background**

Plaintiff Michael Benanti ("Plaintiff") is a federal prisoner proceeding pro se and *in forma pauperis* who seeks to hold Defendants liable for violations of his civil rights based upon the conditions of lockdown that occurred at USP-Atwater from August 9 to October 9, 2024. (*See generally* Doc. 10). On November 21, 2024, the Court ordered Plaintiff to show cause in writing why the matter should not be dismissed for failure to exhaust administrative remedies. (Doc. 13). After Plaintiff did not respond, the undersigned recommended dismissal without prejudice. (Doc. 15). Following a *de novo* review, the Court dismissed the action without prejudice for failure to exhaust administrative remedies and entered judgment on January 13, 2025. (Docs. 16, 17).

Following Plaintiff's filing of a request for reconsideration of the order adopting the findings and recommendations (Doc. 21) and a request for an extension of time (Doc. 22), both of which indicate Plaintiff did not timely receive the Court's orders or related filings—which the Court

1  construed as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) and to
2  late-file a response to the order to show cause—the Court granted the construed motion, vacated
3  both the order adopting the findings and recommendations and judgment entered on January 13,
4  2025, and remanded the matter to the undersigned for reconsideration of Plaintiff's response to the
5  order to show cause.  (Doc. 39 at 3).

6  **Exhaustion Requirements**

7  The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought
8  with respect to prison conditions under section 1983 … or any other Federal law . . . by a prisoner
9  confined in any jail, prison, or other correctional facility until such administrative remedies as are
10  available are exhausted."   42 U.S.C. § 1997e(a).   Exhaustion of administrative remedies is
11  mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211
12  (2007) (citation omitted).  The exhaustion requirement applies to all inmate suits relating to prison
13  life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or
14  offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Inmates are
15  required to "complete the administrative review process in accordance with the applicable
16  procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford*
17  *v. Ngo*, 548 U.S. 81, 88, 93 (2006).  In general, failure to exhaust is an affirmative defense that the
18  defendant must plead and prove.  *Jones*, 549 U.S. at 204, 216.  However, courts may dismiss a
19  claim if failure to exhaust is clear on the face of the complaint.  *See Albino v. Baca*, 747 F.3d 1162,
20  1166 (9th Cir. 2014).

21  **Discussion**

22  Pending before the undersigned is Plaintiff's response to the order to show cause, filed on
23  February 6, 2025.  (Docs. 21, 22).  Plaintiff represents that he did not receive the Court's November
24  21, 2024, order to show cause until January 10, 2025, as the "delivery of mail to all inmates housed
25  in USP-Atwater is routinely delayed 30-60 days."  (Doc. 22 at 3); (*see also id.* at 2) (letter from D.
26  Datray, supervisory correctional systems specialist at USP-Atwater, advising that Plaintiff did not
27  receive the Court's order "due to a delay in mail processing" and requesting the Court provide
28  Plaintiff "with additional time to work on his case.").  Plaintiff argues that "administrative remedies

2

were unavailable to him" because he has shown that "Defendants['] actions were 'deliberate' and 'by design'" such that he "clearly demonstrates that he attempted to file administrative remedies but was thwarted" and filing administrative remedies "at any later date would be futile[.]" (Doc. 22 at 8, 9). Plaintiff further contends that the "failure to exhaust administrative remedies was not clear on the face of the complaint." (*Id.*).

Specifically, as to unavailability of administrative remedies, Plaintiff argues he alleges in the complaint that he "did send a copout via institutional mail to the unit team requesting informal resolution and administrative remedy forms" and that he "clearly states that the unit team 'did not provide any access to [such] forms during the time period.'" (*Id.* at 6) (citing Doc. 10 at 3). Plaintiff further contends that "Defendants by design and intentionally did not provide [him] administrative remedies[.]" (*Id.*) (citing Doc. 10 at 8). Plaintiff cites to *Williams v. Paramo*, 775 F.3d 1182 (9th Cir. 2015) where the court found that a prisoner's statements that she was thwarted from filing a grievance and appeal met her burden, and that similarly here, Plaintiff "raised that his attempts to secure remedies were thwarted intentionally – by design – [and] therefore there were no administrative remedies available for exhaustion." (*Id.*).

In *Williams*, the Ninth Circuit instructed that the appropriate means of determining whether an inmate properly exhausted administrative remedies is governed by" a "burden-shifting regime" where "a defendant must first prove that there was an available administrative remedy and that the prisoner did not exhaust that available remedy[,]" and "[t]hen, the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him[.]" *Williams*, 775 F.3d at 1191 (citation omitted). A prisoner may show administrative remedies were unavailable to him by "showing that the local remedies were ineffective, unobtainable, *unduly prolonged,* inadequate, or obviously futile." (*Id.*) (citation and quotation omitted) (emphasis added). The Court found the prisoner-plaintiff "met her burden" by showing "that administrative remedies were not available to her" because "she was thwarted from filing a grievance and appeal[.]" (*Id.* at 1192). The *Williams* Court found that the plaintiff alleged in her complaint that she initially attempted to inform an officer "about the facts alleged in her complaint" and after being denied help, she "then attempted

3

1  to file a grievance and an appeal" that another officer rejected and refused to file the appeal. (*Id.*
2  at 1191-92).

3  "[A]dministrative remedies must … be 'available'" to the prisoner. *Ross v. Blake*, 578 U.S.
4  632, 632 (2016). In *Ross*, the Supreme Court held that "an inmate is required to exhaust those, but
5  only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action
6  complained of.'" *Ross*, 578 U.S. at 642 (citing *Booth*, 532 U.S. at 738). The Court noted that there
7  are "three kinds of circumstances in which an administrative remedy … is not capable of use to
8  obtain relief" and "when one (or more) [of these circumstances is present], an inmate's duty to
9  exhaust 'available' remedies does not come into play." (*Id.* at 643). The *Ross* Court described this
10 qualification (where an administrative remedy is deemed "unavailable" as follows: (1) where the
11 procees "operates as a simple dead end—with officers unable or consistently unwilling to provide
12 any relief to aggrieved inmates"; (2) where the process is "so opaque that it becomes, practically
13 speaking, incapable of use"; and (3) where "prison administrators thwart inmates from taking
14 advantage of a grievance process through machination, misrepresentation, or intimidation" *Storm*
15 *v. Officer of California Governor*, No. 1:24-cv-00917-EPG (PC), 2024 WL 4216807, at *1-2 (E.D.
16 Cal. Sept. 17, 2024) (citing *Ross*, 578 U.S. at 639, 643-44). "[S]uch interference with an inmate's
17 pursuit of relief renders the administrative process unavailable." *Id.*

18 The facts in this case differ from those before the court in *Williams*. There, the inmate twice
19 transmitted a complaint to prison officials and on both occasions, prison officials affirmatively
20 refused to accept the complaints. Here, Plaintiff alleges the was unable to access forms for the
21 purpose of completing and submitting a grievance (not that his grievances were refused). Thus, as
22 the Court previously noted, Plaintiff at most has pleaded a temporary unavailability of
23 administrative remedies. *See* (Doc. 15 at 3) (citing cases). However, it remains unclear whether
24 this temporary unavailability crosses the "unduly prolonged" threshold the Ninth Circuit has held
25 (in dicta) constitutes an unavailability of administrative remedies. *Williams*, 775 F.3d at 1192.
26 Thus, liberally construing the allegations in Plaintiff's complaint and based on Plaintiff's arguments
27 as to the unavailability of administrative remedies in his response to the order to show cause that
28 "his attempts to secure remedies were thwarted intentionally" and "by design," the Court finds good

cause to discharge the order to show cause. *See Creamer v. California State Prison Delano*, Case No. 1:23-cv-00139-CDB (PC), 2023 WL 2024859, at *1 (E.D. Cal. Feb. 15, 2023) ("Liberally construing this *pro se* filing, although not expressly stated, the Court understands Plaintiff to contend his failure to exhaust administrative remedies prior to filing suit is due to interference by prison officials with his efforts to complete the exhaustion process, thus making the exhaustion of administrative remedies unavailable to Plaintiff."). As stated above and in the order to show cause, the failure to exhaust is an affirmative defense that Defendants must plead and prove. *Jones*, 549 U.S. at 216; *see* (Doc. 13 at 2). Thus, the Court makes no finding as to Plaintiff's access, recourse to, and exhaustion of administrative remedies at this stage of the proceedings, which may properly be addressed should this case proceed following screening of the complaint. *See Creamer*, 2023 WL 2024859, at *1; *e.g.*, *Kile v. Doerer*, Case No. 1:24-cv-01177-KES-SAB (PC), 2025 WL 604992, at *1 (E.D. Cal. Feb. 25, 2025) ("[B]ecause exhaustion of the administrative remedies is an affirmative defense, the Court makes no ruling as to whether Plaintiff has, in fact, exhausted the administrative remedies.").

Plaintiff's complaint will be screened in due course. *See* 28 U.S.C. § 1915A.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that the November 21, 2024, order to show cause (Doc. 13) is DISCHARGED.

IT IS SO ORDERED.

Dated: __**May 5, 2025**__     _____
                              UNITED STATES MAGISTRATE JUDGE