UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BENANTI, | Case No.: 1:24-cv-01108-JLT-CDB |
| Plaintiff, | **ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE** |
| v. | |
| J. DOERER, et al., | |
| Defendants. | **21-DAY DEADLINE** |

Plaintiff Michael Benanti is appearing pro se and *in forma pauperis* in this civil rights action.

## I.    BACKGROUND

On December 4, 2025, District Judge Jennifer L. Thurston issued her Order Adopting Findings and Recommendations to Dismiss the Complaint for Failure to State a Claim Upon Which Relief Can be Granted and Granting Leave to Amend Certain Claims. (Doc. 51.) In relevant part, Plaintiff was granted "leave to file an amended complaint, **within 30 days** of the date of service of [the] order and curing the deficiencies identified in the Findings and Recommendations … and the First Screening Order, concerning" only Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim and the Federal Tort Claims Act. (*Id*. at 2, emphasis in original.)

More than 30 days have passed, but Plaintiff has failed to file an amended complaint or to otherwise contact the Court.

## II.   DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Plaintiff has failed to obey Judge Thurston's December 4, 2025, order directing him to file an amended complaint within 30 days.[1] Nor has Plaintiff sought an extension of time within which to do so.

## III.   CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's order of December 4, 2025. Alternatively, within that same time, Plaintiff may file an amended complaint, curing the deficiencies identified in the Findings and Recommendations issued October 24, 2025, concerning a deliberate indifference to serious medical needs arising under the Eighth Amendment and any Federal Tort Claims Act claims.

//

//

---

[1] 12/4/25 + 30 days = 1/3/26. Because January 3 was a Saturday, the amended complaint was due on or before January 5, 2026.

**Any failure by Plaintiff to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **January 12, 2026**

UNITED STATES MAGISTRATE JUDGE

3